

RECEIVED KG
7/17/2022
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

1:22-CV-03712
JUDGE THARP JR.
MAGISTRATE JUDGE CUMMINGS

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JORGE ALEJANDRO ROJAS, <br><br> *Plaintiff,* <br><br> vs. <br><br> EVERYACTION, INC d/b/a NGP VAN, STUART E. TREVELYAN, ACTBLUE LLC, ERIN HILL, BENJAMIN RAHN, MARC LAITIN, KIMBERLY PEELER-ALLEN, MATTHEW DEBERGALIS, MUTHONI WAMBU KRAAL, CATHERINE CORTEZ MASTO FOR SENATE, and CATHERINE CORTEZ MASTO, <br><br> *Defendants*. | Case No. _____ <br><br><br> **COMPLAINT FOR DAMAGES** <br><br> **JURY TRIAL DEMANDED** |

Plaintiff, Jorge Alejandro Rojas, ("Plaintiff") brings this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and its implementing regulations, against Defendants EveryAction, Inc doing business as NGP VAN ("NGP VAN") and Stuart E. Trevelyan, ("Trevelyan"), ACTBLUE LLC ("ACTBLUE"), Erin Hill ("Hill"), Benjamin Rahn ("Rahn"), Marc Laitin ("Laitin"), Kimberly Peeler-Allen ("Peeler-Allen"), Matthew Debergalis ("Debergalis"), Muthoni Wambu Kraal ("Kraal"), Catherine Cortez Masto For Senate ("CCM Campaign"), and Catherine Cortez Masto ("Masto"), (collectively "Defendants"), and alleges based on personal knowledge and information and belief:

**INTRODUCTION**

1. As the Supreme Court has explained, Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The government receives a staggering

1

number of complaints about robocalls—3.7 million complaints in 2019. The States likewise field a constant barrage of complaints. For nearly 30 years, representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the "TCPA", generally prohibits robocalls to cell phones and home phones. *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2. Plaintiff brings this action against Defendants for violations of the TCPA, 47 U.S.C. § 227 and its implementing regulations, 47 C.F.R § 64.1200.

3. This case involves a campaign by Defendants which placed illegal, campaign-related pre-recorded and automated texts to Plaintiff's telephone number, which were not consented to.

## JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction over the claims herein under 28 U.S.C. § 1331.

5. This Court has personal jurisdiction over Defendants. The wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District. Plaintiff resided within this district when the call was made.

6. Venue is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

7. Plaintiff Jorge Alejandro Rojas is a natural person residing in Bolingbrook, IL 60440, and is a citizen of the State of Illinois.

8. Defendant EveryAction, Inc, doing business as NGP VAN ("NGP VAN"), is a District of Columbia entity, with an address of 655 15th St. NW, Ste 650, Washington, DC, 20005, and a registered agent of Stuart E. Trevelyan located at the same address.

9. Defendant Stuart E. Trevelyan is an officer of Defendant NGP VAN and is located at the same address.

10. Defendant ACTBLUE LLC ("ACTBLUE") is a Massachusetts entity with a principal address of 366 Summer St, Somerville, MA 02144 and registered agent of Erin Hill located at the same.

11. Defendant Erin Hill ("Hill") is a manager of ACTBLUE and is located at the same address.

12. Defendant Benjamin Rahn ("Rahn") is a manager of ACTBLUE and is located at the same address.

13. Defendant Marc Laitin ("Laitin") is a manager of ACTBLUE and is located at the same address.

14. Defendant Kimberly Peeler-Allen ("Peeler-Allen") is a manager of ACTBLUE and is located at the same address.

15. Defendant Matthew Debergalis ("Debergalis") is a manager of ACTBLUE and is located at the same address.

16. Defendant Muthoni Wambu Kraal ("Kraal") is a manager of ACTBLUE and is located at the same address.

17. Defendant Catherine Cortez Masto For Senate ("CCM Campaign") is a Nevada Domestic Corporation and has a registered agent of C T Corporation System 701 S Carson St Ste 200, Carson City, NV, 89701.

18. Defendant Catherine Cortez Masto ("Masto") is the individual running for office behind the CCM Campaign.

19. Defendants are each a person as defined by 47 U.S.C. § 153(39).

20. Defendants acted through their agents, affiliates, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## STATUTORY BACKGROUND

21. The TCPA makes it unlawful to make calls to any cellular or residential line using an artificial or prerecorded voice, or an automatic telephone dialing system, without the call recipient's prior express consent. *See* 47 U.S.C. § 227(b); *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012).

22. The TCPA provides a private cause of action to persons who receive such automated or -prerecorded calls. *See* 47 U.S.C. § 227(b)(3).

23. "A text message to a cellular telephone, it is undisputed, qualifies as a 'call' within the compass of § 227(b)(1)(A)(iii)". *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 156, (2016).

24. In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. It ordered that:

    [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

    I*n the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

25. The FCC has explained that its "rules generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *See In re Rules & Regulations Implementing the TCPA*, 10 FCC Rcd. 12391, 12397 (1995).

26. When considering individual officer liability under the TCPA, other Courts have agreed that a corporate officer involved in the telemarketing at issue may be personally liable under the TCPA. *See, e.g., Jackson Five Star Catering, Inc. v. Beason*, 2013 U.S. Dist. LEXIS 159985, *10 (E.D. Mich. Nov. 8, 2013) ("[M]any courts have held that corporate actors can be individually liable for violating the TCPA "where they 'had direct, personal participation in or personally authorized the conduct found to have violated the statute.'"); *Maryland v. Universal Elections*, 787 F. Supp. 2d 408, 415-16 (D. Md. 2011) ("If an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force.").

27. Under the TCPA, individual party Defendants are personally liable for the acts and omissions alleged in this Complaint.

28. "Non-emergency prerecorded voice or autodialed calls to [the destinations enumerated in 47 U.S.C. § 227(b)(1)(A)] are permissible only with the prior express written consent of the called party." This includes political calls. *See FCC Enforcement Advisory: Tel. Consumer Prot. Act Robocall & Text Rules – Biennial Reminder for Pol. Campaigns About Robocalls & Text Abuse*, 31 FCC Rcd. 1940, 1941 n.6 (2016).

29. Individual party Defendants in this case directed and oversaw the telemarketing activity in progress, including selecting any third-party affiliate to make the call, exercised control over those affiliates, and any other employees who made the telephone calls.

## ALLEGATIONS

30. At all times relevant hereto, Plaintiff maintained and used a residential telephone line, with phone number (424) XXX-1582.

31. Plaintiff's phone number is not associated with a business and is used by Plaintiff solely.

32. Plaintiff is the account holder and customary user of his phone number.

33. Plaintiff registered his phone number on the Federal Do Not Call Registry on or around January 18, 2008.

34. Plaintiff registered his phone number on the Do Not Call Registry to obtain solitude from invasive and harassing telemarketing calls. The call prevented Plaintiff from using his phone for legitimate purposes.

35. **Call 1.** On or about June 28, 2022, at 5:47 PM Chicago time, Plaintiff received a text from Defendants, from 855-632-0727.

36. The text identified above contained a picture of President Obama, and the following text "Denisee, President Obama is personally counting on your help! If Republicans are able to retake the Senate in November, McConnell and his allies will stop at nothing to pass a nationwide abortion ban. Senate control will be decided in Nevada, but Catherine Cortez Masto (D) has fallen 3 points behind her anti-choice opponent amid a flood of $22 MILLION in GOP attack ads. If Catherine doesn't turn this around RIGHT NOW, she's going to fall short of her official FEC fundraising goal and we're already running out of time. So please Denisee, will you answer President Obama's call to action? Your gift will be TRIPLED to defend this critical seat and our Democratic Senate majority: cortezmasto.win/Obama7 Text STOP to quit."

37. **Call 2.** On or about June 30, 2022, at 12:47 PM Chicago time, Plaintiff received a text from Defendants, from 888-605-4910.

38. The text identified above contained an image along with the following text "This is James Carville and I'm sorry to text ya so late but I'm too scared not to Denisee! Catherine Cortez Masto is about to miss her make-or-break goal with just hours left until the official FEC deadline! I've gotta tell ya the truth: If Catherine falls short of this goal tonight, we can kiss our Democratic Senate majority goodbye. Catherine's campaign will be completely

overwhelmed by the $22 million McConnell and his allies are spending on attack ads against her, she won't have the resources necessary to fight back, and McConnell will flip the ONE seat he needs to take over the Senate. This is a critical moment, and what you and I do right now will make or break Catherine's campaign along with our Senate majority. So I'm begging you to rush a gift right now. Catherine's team set up a personal link so I can see who chips in to my text, and I'm hoping I see your name Denisee! >> cortezmasto.win/Carville4 Text STOP to quit."

39. **Call 3.** On or about July 7, 2022, at 12:36 PM Chicago time, Plaintiff received a text from Defendants, from 855-960-0482.

40. The text identified above contained the following text: This is an emergency, Denisee: My team and I just got word that Donald Trump is headed to Nevada tomorrow to host a MAGA rally to defeat me! It's no surprise one of Trump's first stops in the aftermath of Roe v. Wade is to come after me in Nevada: Republicans NEED my seat to flip the Senate and pass a nationwide abortion ban. And a new poll just dropped which shows me surging and on the verge of taking the lead! So now Trump is terrified that the millions McConnell is spending on attack ads won't be enough to defeat me, and he's flying out to try to get the job done himself. We have McConnell, Trump, and their anti-choice allies on the ropes – we're so close to retaking the lead! But Trump's MAGA rally could squash our momentum and any hope of saving our Democratic Senate majority. So we have no choice but to hit my $50,000 emergency goal before Trump takes the stage tomorrow! With Roe gone and the future of women's rights on the line, please Denisee, rush a donation to help me defeat Trump's attacks and defend the Senate! >> cortezmasto.win/CCM7 -Catherine Cortez Masto Text STOP to quit."

7

41. **Call 4.** On or about July 8, 2022, at 3:43 PM Chicago time, Plaintiff received a text from Defendants, from 888-450-2764.

42. The text identified above contained an image along with the following text: "It's Cecile Richards and I'm reaching out to pro-choice Democrats with an important update, Denisee: Donald Trump obviously saw the new poll which shows Catherine Cortez Masto SURGING and ready to retake the lead, so he's hosting a MAGA rally in Nevada TODAY to stop her progress! It's no secret why Donald Trump is flying across the country for an emergency rally, and why he's so panicked: MAGA Republicans NEED Catherine's seat to flip the Senate in order to pass a nationwide abortion ban. The GOP's carefully laid plan to outlaw abortion will collapse if Catherine wins, but her opponent would be an automatic vote for their ban. Donald Trump's rally TODAY will stop her momentum if we don't act right away, and Catherine is about to take the lead. Catherine MUST hit her $50,000 emergency goal before Trump takes the stage and starts attacking her. Please Denisee, join me and rush a gift so Catherine can save the Senate and women's rights! >> cortezmasto.win/Richards8 Text STOP to quit."

43. **Call 5.** On or about July 9, 2022, at 7:45 PM Chicago time, Plaintiff received a text from Defendants, from 877-890-3970.

44. The text identified above contained an image along with the following text: "Hi Denisee, it's Catherine and I'm not asking for money: After Donald Trump viciously attacked me at his MAGA rally last night, I'm personally asking for you to endorse my campaign to defend our Senate majority. I need your help to show the strength of our campaign because I was named the most vulnerable Democratic senator up for reelection! I refuse to give Donald Trump and Mitch McConnell the momentum they need to take back the Senate – and every endorsement

right now will go miles in building the movement we need to defeat them and win in Nevada. So please Denisee, will you personally endorse my campaign before midnight tonight? I need 1,000 grassroots Democrats to add their names before tonight's deadline >> cortezmasto.win/JoinMe8  -Sen. Catherine Cortez Masto  Text STOP to quit."

45. **Call 6.** On or about July 10, 2022, at 12:22 PM Chicago time, Plaintiff received a text from Defendants, from 855-575-0982.

46. The text identified above contained an image of Justice Sotomayor, along with the following text: "Did you see Justice Sotomayor's emotional call to action for every pro-choice American? The Supreme Court's far-right justices just officially ended Roe v. Wade, but Justice Sotomayor knows this fight has only just begun. She says at times like this, we need to channel our anger into action and FIGHT -- and she's exactly right Denisee.  With Roe overturned, anti-choice Republicans are preparing to pass a nationwide abortion ban if they can flip the Senate this November – so every pro-choice American needs to take a stand RIGHT NOW before it's too late. Add your name to stand with Justice Sotomayor: Sign our massive petition to show you stand for reproductive freedoms >> demhq.us/Sotomayor5  Text STOP to quit."

47. **Call 7.** On or about July 12, 2022, at 6:32 PM Chicago time, Plaintiff received a text from Defendants, from 844-619-1310.

48. The text identified above contained an image along with the following text: "Denisee, this is Catherine Cortez Masto. CNN just officially ranked me the most #1 vulnerable Democratic senator in America! We're in serious trouble and McConnell is celebrating about it, so I'm urgently asking you to endorse my campaign to defend the Senate.  This update comes right after a new poll showed me on the verge of taking the lead over my far-right opponent and Trump rushed to Nevada to hold a MAGA rally in response. Between the millions McConnell

is spending on attack ads to defeat me and Trump's vicious lies, I need you on my team now more than ever. We can't give McConnell and Trump the momentum they need to take back the Senate - and every endorsement right now helps us power the movement we need to overcome their attacks and keep the Senate blue! So please Denisee, can I count on you to personally endorse my campaign before it's too late? >> demhq.us/JoinMe8 Text STOP to quit."

49. **Call 8.** On or about July 15, 2022, at 12:30 PM Chicago time, Plaintiff received a text from Defendants, from 844-387-2850.

50. The text identified above contained an image along with the following text: "URGENT: We need to know where top Democrats stand now that SCOTUS has ended Roe v. Wade – but with just hours until the deadline, we're MISSING your response Denisee! The Supreme Court issued a torrent of horrific rulings over the last month, including the end of Roe! And now with contraception and same-sex marriage on the line, Justice Clarence Thomas' recent opinions indicate that the court may roll back even more progress. Denisee, our fundamental rights are under attack and it's our duty as Democrats to speak out! So before this emergency poll closes at midnight, we urgently need to know where YOU stand! TELL US: How would you grade the Supreme Court? A > demhq.us/8P6N7Br B > demhq.us/8P6N7Br C > demhq.us/8P6N7Br D > demhq.us/8P6N7Br F > demhq.us/8P6N7Br Text STOP to quit"

51. **Call 9.** On or about July 17, 2022, at 12:47 PM Chicago time, Plaintiff received a text from Defendants, from 877-586-1647.

52. The text identified above contained an image along with the following text: "MAJOR UPDATE: 96% of Americans support Social Security according to a new AARP poll! This comes as Biden announced $14.8 billion to expand Social Security in his budget for 2023. But

10

Republicans are pushing to GUT Social Security - so we've just launched a LIVE poll to confirm AARP's data. We're only a few hours away from our deadline, but we're missing your response Denisee! TELL US: Do you support Social Security? ☑ YES >> demhq.us/kqj9na2 ⃠ NO >> demhq.us/kqj9na2  Responses are being collected by Dem HQ & Cortez Masto Polling Team  Text STOP to quit"

53. Although some of the texts identified above refer to a "Denisee," Plaintiff has owned his telephone number for at least 2008 and does not know who they are addressed to.

54. The websites identified in texts 6, 7, 8, 9, identify NGP VAN and EveryAction in their terms of service and/or privacy statements. The websites identified in the other texts identify ActBlue LLC in their terms of service and/or privacy statements.

55. Defendants NGP VAN and ACTBLUE and their officers worked on behalf of CCM Campaign and their officers and Cortez Masto.

56. Defendants worked in concert to communicate messages regarding their political campaigns. To generate support for their campaigns and causes, Defendants relied upon their automated messages.

57. The text messages are all similar in nature and are therefore connected and all alleged in one action against all Defendants, given that have a common reference to a "Denisee."

58. The conduct alleged in this action was made willful and knowingly.

59. Defendants' phone call utilized an Automatic Telephone Dialing System (ATDS) without obtaining Plaintiff's prior express written consent.

60. Defendants did not have any consent to call Plaintiff.

61. Defendants are not an organization exempt from the TCPA.

11

62. Upon information and belief, Plaintiff received additional calls from Defendants and their affiliates not included above.

63. Plaintiff alleges that Defendants train their employees and affiliates to avoid divulging too much information to leads and customers in an effort to evade TCPA liability.

64. The impersonal and generic nature of Defendants' call shows that Defendants utilized an Automatic Telephone Dialing System (ATDS) and/or a pre-recorded voice in making the call.

65. In total, Defendants and/or their affiliates placed at least nine (9) automated text message calls to Plaintiff.

66. As a result of the foregoing, Plaintiff experienced frustration, annoyance, irritation and a sense that his privacy has been invaded by Defendants.

67. Defendants have a pattern and/or practice of failing to comply with the TCPA.

68. The foregoing acts and omissions were in violation of the TCPA.

69. Other Defendants may be named in this case following discovery, including for example any other individuals or entities who directed the unlawful conduct to be made.

70. The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the calling has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

71. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to treble damages of up to $1,500.00 for each and every call made in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).

72. The acts and omissions of Defendants constitute knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227.

73. Plaintiff seeks injunctive relief prohibiting such conduct violating the TCPA by Defendants in the future.

74. Plaintiff is also entitled to an award of costs.

75. Defendants' call was not made for "emergency purposes."

76. Defendants' call to Plaintiff were made without any prior express written consent.

77. Defendants contacted Plaintiff even though Plaintiff was on the Do Not Call Registry.

78. Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

79. The acts and/or omissions of Defendants were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

80. As a result of the above violations of the TCPA, Plaintiff has suffered losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

81. Plaintiff, in discovery will identify additional telephone calls made by Defendants' and or their agents or affiliates, and requests leave to amend the complaint after identifying.

82. Defendants hired, permitted, and enjoyed the benefits of any lead generator and call centers mass robocalling.

83. For the counts identified below, Defendants are directly liable as the party that caused the unlawful calls to be placed.

84. Plaintiff requests a jury trial on all issues so triable.

**COUNT 1.**
Violation of the TCPA's Automated Telemarketing Call Provisions, 47 U.S.C. § 227(b)(1)

85. Plaintiff incorporates the foregoing paragraphs as though they were set forth at length herein.

86. Defendants or one of their affiliates or vendors called Plaintiff's cellular telephone using an "automatic telephone dialing system" and/or a pre-recorded voice as defined by the TCPA on at least nine (9) occasions in violation of 47 U.S.C. § 227(b)(1), without Plaintiff's prior express written consent.

87. Plaintiff was statutorily damaged at least nine (9) times under 47 U.S.C. § 227(b)(3)(B) by the Defendants by the telephone call described above, in the amount of $500.00 for each.

88. Plaintiff was further statutorily damaged because Defendants willfully or knowingly violated this subsection of the TCPA. Plaintiff requests that the court treble the damage amount as permitted under 47 U.S.C. § 227(b)(3)(C) for these willful or knowing violations.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against, Defendants, jointly and/or severally, in an amount of $13,500.00 plus costs and any other remedy deemed appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered in favor of him and against Defendants, jointly and or severally, in an amount to be more fully determined at trial, but at least $13,500.00 as permitted by statute, as follows:

A. All actual damages Plaintiff suffered;

B. Statutory damages of $500.00 per call for each and every violation of 47 U.S.C. § 227(b);

C. Treble damages of $1,500.00 per call for each violation determined to be willful and/or knowingly pursuant to 47 U.S.C. § 227(b)(3)(C);

D. All reasonable attorneys' fees, witness fees, court costs, pre and post-judgment interest, and other litigation costs incurred by Plaintiff;

E. Injunctive relief prohibiting such violations of the TCPA by Defendants in the future;

F. Leave to amend this Complaint to conform to the evidence presented at trial; and

G. Any other relief this Court deems proper.

Respectfully submitted,

Dated: July 17, 2022

/s/ Jorge Alejandro Rojas
JORGE ALEJANDRO ROJAS
Rojas.jorge96@gmail.com
Plaintiff in Pro Se
557 Cambridge Way
Bolingbrook, IL 60440
(424) 219-1582